FILED
John E. Triplett, Acting Clerk
United States District Court

*By casbell at 9:01 am, Aug 04, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| AARON JEWANN ROBINSON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-53 |
| v. | |
| WARDEN JAMES DEAL; C/O JAVAKA JOHNSON; and C/O HUGGINS, | |
| Defendants. | |

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983, as amended. Doc. 5. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. Plaintiff has also filed a Motion for Entry of Default and a Motion for Default Judgment, docs. 18, 19. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** all claims against Warden James Deal. However, I **FIND** Plaintiff's excessive force claim against Corrections Officer Huggins and his deliberate indifference to serious medical needs claim against Javaka Johnson may proceed. The Court will direct service of those claim by separate Order. The Court **DENIES as premature** Plaintiff's Motion for Entry of Default and Motion for Default Judgment.

**PLAINTIFF'S CLAIMS**[1]

While in his cell one afternoon at Georgia State Prison, Plaintiff asserts Defendant Huggins closed his wrist in the flap to his door. Doc. 5 at 5. Defendant Huggins then "leaned back on the flap," causing Plaintiff enormous pain and preventing him from removing his hand. Id. Javaka Johnson, the unit manager of Tier II, saw the incident and approached, asking Huggins, "[W]hy are you closing his hand in the flap?". Id. Defendant Huggins then promptly released Plaintiff's hand. Id. Plaintiff claims Defendant Johnson saw he was injured and "did nothing about it." Id. at 7. Plaintiff received medical attention three days later; medical staff wrapped his wrist and prescribed ibuprofen and montelukast. Id. Plaintiff says he has lost circulation in his index finger, and that the finger is "leaning like it's broken." Id. He filed a grievance and received an x-ray for his hand and wrist but never received the results for his "leaning index finger." Id. at 8. As relief, Plaintiff requests that Johnson be suspended without pay and demoted and that Huggins be suspended indefinitely; furthermore, Plaintiff requests nominal damage of $25,000, compensatory damages of $150,000, and $25,000 in punitive damages. Id. at 5.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or

---

[1] All allegations set forth here are taken from Plaintiff's Amended Complaint. Doc. 5. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I.   Supervisory Liability

Defendant Deal, Warden of Georgia State Prison, is mentioned only once in Plaintiff's Amended Complaint as the person who appointed Defendant Johnson to his position. Doc. 5 at 4. Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege

(1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff wishes to hold Defendant Deal liable based solely on his supervisory position as the Warden of Georgia State Prison. Plaintiff asserts no factual allegations that Deal directly participated in or was otherwise causally connected to the alleged deprivations of his constitutional rights. Yet, such supervisory allegations are an insufficient basis for § 1983 liability. Accordingly, the Court should **DISMISS** all claims against Defendant Deal.

## II.     Motions for Entry of Default and Default Judgment

On January 9, 2020, Plaintiff filed a Motion for Entry of Default, and on March 9, 2020, Plaintiff filed a Motion for Default Judgment, docs. 18, 19. The Court is only now conducting the requisite frivolity review, and no Defendant has yet been served nor has discovery begun. The Court lacks personal jurisdiction over Defendants until service is effectuated and, thus, lacks the authority to issue a binding judgment against them. See Hall v. Deutsche Bank Nat'l Tr. Co., No. 1:11-cv-02524, 2012 WL 13009212, at *2 (N.D. Ga. Feb. 17, 2012) ("Without proper service of process, a district court lacks personal jurisdiction over a defendant."). A default judgment is not warranted because, as Defendants have not been served, so it is impossible that Defendants "failed to plead or otherwise defend" themselves. Fed. R. Civ. P. 12(a)(1); Fed. R. Civ. P. 55(a). Accordingly, the Court **DENIES as premature** Plaintiff's Motion for Entry of Default and Motion for Default Judgment. Docs. 18, 19.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Deal.  However, Plaintiff's claims for excessive force against Defendant Huggins and deliberate indifference to serious medical needs against Defendant Johnson may proceed.  Finally, the Court **DENIES as premature** Plaintiff's Motions for Entry of Default and Default Judgment.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 4th day of August, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA