FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 10:59 am, Sep 09, 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

AARON JEWANN ROBINSON,

      Plaintiff,

   v.

C/O JAVAKA JOHNSON; and C/O HUGGINS,

      Defendants.

CIVIL ACTION NO.: 6:19-cv-53

## O R D E R

This matter is before the Court on Plaintiff's Motion to Compel, doc. 24, and Motion for Access to the Law Library, doc. 26. The Court **DENIES as premature** Plaintiff's Motion to Compel. Furthermore, the Court construes Plaintiff's Motion for Access to the Law Library as a Motion for an extension of time to file objections to the Court's August 4, 2020 Report and Recommendation. Accordingly, the Court **GRANTS** Plaintiff's Motion and provides an additional 30 days for Plaintiff to file objections to the Report and Recommendation.

## DISCUSSION

### I. Plaintiff's Motion to Compel

Defendants have not been served with Plaintiff's Complaint yet and cannot be compelled to produce evidence before they are parties to the case. On this ground alone, the Court **DENIES as premature** Plaintiff's Motion to Compel.

Because Plaintiff contends certain video footage is important to Plaintiff's case, Plaintiff is advised as follows: After Defendants have been served, Plaintiff will engage in a process of exchanging evidence with Defendants called "discovery." During discovery, Plaintiff may

request from Defendants the production of documents or other evidence, such as video.  A motion to compel should be reserved for discovery disputes, where an opposing party will not produce requested evidence.  Federal Rule 37(a)(1) states, "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  See Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765–66 (11th Cir. 2012) (upholding district court's denial of pro se plaintiff's motion to compel discovery as premature for plaintiff's failure to confer in good faith to obtain discovery without court action).  Additionally, Local Rule 26.5 requires "a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court."  These rules apply equally to all litigants, whether proceeding pro se or represented by counsel.  See McNeil v. United States, 508 U.S. 106, 113 (1993).  However, here, Plaintiff's Motion to Compel was filed prematurely, before Defendants were even served with the Complaint, and long before discovery was due.  Thus, the Court **DENIES as premature** Plaintiff's Motion to Compel.

## II.     Motion for Access to the Law Library

On August 4, 2020, the Court issued a Report recommending dismissal of all claims against Defendant James Deal.  Doc. 22.  Objections were due on August 21, 2020, but Plaintiff has not filed any.  However, on August 20, 2020, the Court received the instant Motion for Access to the Law Library.  Doc. 26.  Therein, Plaintiff alleges, "I cannot and don't have access to the law library at my prison because of COVID-19! . . . Therefore I can't get what I need as far as motions, codes to ask for and procedures to follow."  Id.  Plaintiff's Motion is either a

request for a preliminary injunction ordering the prison to allow Plaintiff law library access or a request for more time to file objections to the Report and Recommendation.

Construed as a request for an injunction, the Motion would be denied. To be entitled to a temporary restraining order or preliminary injunction, a plaintiff must demonstrate: (1) a substantial likelihood of ultimate success on the merits; (2) that a restraining order or injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the restraining order or injunction would inflict on the other party; and (4) that the restraining order or injunction would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001). If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent

than necessary" and a less intrusive equitable remedy was available).  Plaintiff has not shown he has satisfied the prerequisites in order to be entitled to injunctive relief at this time.  At this early stage, Plaintiff has not shown the requisite likelihood of success on the merits of his claims.  Moreover, Plaintiff fails to show that injunctive relief is necessary to prevent irreparable injury.  This is not to say that Plaintiff will not eventually be able to obtain injunctive relief, merely that the Court will not interfere at this time on the facts before it.

However, construing the Motion as a request for an extension of time to file objections allows Plaintiff additional time to access the law library or procure legal materials through other means the prison may provide.  Accordingly, the Court construes Plaintiff's Motion as a Motion for an Extension of Time to File Objections and **GRANTS** the Motion, extending Plaintiff's time to file objections to the Magistrate Judge's Report and Recommendation, doc. 22, by an additional 30 days.

## CONCLUSION

Accordingly, the Court **DENIES as premature** Plaintiff's Motion to Compel.  The Court construes Plaintiff's Motion for Access to the Law Library as a Motion for an extension of time to file objections to the Court's August 4, 2020 Report and Recommendation and **GRANTS** Plaintiff's Motion and provides 30 additional days for Plaintiff to file objections to the Report and Recommendation.

**SO ORDERED**, this 9th day of September, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA