IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| AARON JEWANN ROBINSON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-53 |
| v. | |
| JAVAKA JOHNSON; and CO HUGGINS, | |
| Defendants. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Summary Judgment and Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment. Docs. 40, 44. Plaintiff filed a Response. Doc. 59. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Strike, doc. 40, and **DIRECT** the Clerk of Court to **STRIKE** Plaintiff's Motion for Summary Judgment, doc. 44.

**I.    Procedural History and Background**

Plaintiff, an incarcerated inmate proceeding pro se, initiated this litigation on June 10, 2019. Doc. 1. Plaintiff then filed an Amended Complaint on June 21, 2019, in which he alleged Defendants violated his constitutional rights. Doc. 5. Following frivolity review, the Court permitted Plaintiff to proceed with his Eighth Amendment excessive force claim against Defendants Johnson and Huggins. Docs. 22, 33.

On September 30, 2020, the Court issued a Scheduling Notice, which provided deadlines in the case, including all motions were due on or by March 19, 2021. Doc. 32. Nonetheless, on April 12, 2021, Plaintiff filed his motion for summary judgment, more than three weeks after the

Court's deadline. Doc. 40. Plaintiff did not request leave to file an untimely motion summary judgment, nor did he include an explanation why his untimely filing should be accepted.[1]

## II.    Defendants' Motion to Strike

Defendants argue the Court should strike Plaintiff's summary judgment motion because it is untimely and does not comply with Local Rule 56.1, which requires motions for summary judgment to be accompanied by a separate, short, and concise statement of material facts. Doc. 44-1 at 1–2. Defendants argue Plaintiff filed his Motion for Summary Judgment after the Court's March 19, 2021 deadline without asking for leave of the Court to do so and without any explanation as to why it was untimely. Id. at 3. Defendants assert this case is not so "protracted or complex" as to justify the delay and Plaintiff has not met the good cause standard, which is required to modify the Court's Scheduling Notice and accept Plaintiff's late-filed Motion for Summary Judgment.

The Court received Plaintiff's Motion for Summary Judgment on April 12, 2021. Doc. 40. While Plaintiff did not date his summary judgment motion, it is postmarked April 7, 2021. Id. at 4. Thus, Plaintiff's Motion was untimely.[2] Moreover, Plaintiff did offer any explanation in his Motion as to why the Court should accept his untimely filing, nor did he do so in his Response to Defendants' Motion to Strike. The fact Plaintiff is proceeding pro se does not

---

[1]    Though Plaintiff did file two motions requesting extensions of time to respond to Defendants' motion for partial summary judgment, docs. 38, 42, in neither of these motions did Plaintiff request an extension to file his own summary judgment motion.

[2]    While "[a] pro se inmate's petition is deemed filed when he delivers it to prison officials for mailing, presumably the date he signs it," because Plaintiff failed to date his Motion, the Court cannot conclude based on the information before it his Motion was filed any earlier than the date it was postmarked—April 7, 2021. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

excuse his failure to comply with applicable procedural rules.  See Moton v. Cowart, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011).

"District courts enjoy broad discretion in deciding how best to manage the cases before them, and that discretion extends to whether to consider untimely motions for summary judgment."  Enwonwu v. Fulton-DeKalb Hosp. Auth., 286 F. App'x 586, 595 (11th Cir. 2008) (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997), and Matia v. Carpet Transport, Inc., 888 F.2d 118, 119 (11th Cir. 1989)).  Further, a court does not abuse its discretion by refusing to accept an out-of-time filing when there is no affirmative showing of excusable neglect under Federal Rule of Civil Procedure 6(b).  Mosley v. MeriStar Mgmt. Co., LLC, 137 F. App'x 248, 250 (11th Cir. 2005) (citing Useden v. Acker, 947 F.2d 1563, 1571–72 (11th Cir. 1991)); see also Dedge v. Kendrick, 849 F.2d 1398, 1398 (11th Cir. 1988) (upholding the district court's denial of defendant's motion for summary judgment based on untimeliness).

It is undisputed Plaintiff's Motion for Summary Judgment was untimely filed, and he has made no showing as to why the Court should accept it.  The fact Plaintiff's Motion for Summary Judgment was untimely, without explanation, is reason alone to strike his motion.  See Madura v. BAC Home Loans Servicing, L.P., No. 8:11-cv-2511, 2013 WL 462268, at *2 (M.D. Fla. Feb. 6, 2013) (striking defendant's untimely motions for summary judgment); Gallien v. Binkley, No. CV408-037, 2008 WL 4916394, at *2 (S.D. Ga. Nov. 14, 2008) ("A motion that is untimely pursuant to a duly entered . . . scheduling order may be denied on that ground alone.") (quoting Oakes v. Trs. of Columbia Univ., No. 87CIV8283, 1988 WL 132890, at *3 (S.D.N.Y. Dec. 6, 1988) (other citations omitted) (alterations in original)); see also T.H.E. Ins. Co. v. Cochran Motor Speedway, No. 5:09-CV-118, 2010 WL 5351183, at *2 (M.D. Ga. Dec. 21, 2010)

(declining to consider an untimely cross motion for summary judgment) (citing <u>Impreglon, Inc. v. Newco Enters., Inc.</u>, 508 F. Supp. 2d 1222, 1228 (N.D. Ga. 2007)).

Additionally, Defendants argue the Court should strike Plaintiff's Motion for Summary Judgment because Plaintiff failed to provide a separate statement of facts, in contravention of Local Rule 56.1.  Doc. 44-1 at 5.  Local Rule 56.1 provides "Upon any motion for summary judgment . . . , in addition to the brief, there shall be annexed to the motion a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute[.]"  Indeed, Plaintiff's Motion for Summary Judgment contains three pages of argument, with exhibits attached, but contains no section with a factual recitation, and more importantly, no separate statement of facts in accordance with Local Rule 56.1  Docs. 40, 40-1, 40-2.

Plaintiff's failure to adhere to Local Rule 56.1 provides another basis to strike his Motion for Summary Judgment.  <u>Kemp v. Ga. State Univ. Admissions</u>, No. 1:07-CV-212, 2008 WL 11320118, at *1 n.2 (N.D. Ga. June 16, 2008) (striking a pro se litigant's motion for summary judgment where it was untimely and did not have a separate statement of material facts, which was required by the court's local rules); <u>Allen v. Freeman</u>, No. CV 110-022, 2013 WL 3356040, at *15 (S.D. Ga. July 3, 2013) (warning a litigant the court may strike filings that do not comply with the court's local rules, including Rule 56.1); <u>see also</u> <u>Brandon v. Lockheed Martin Aeronautical Sys.</u>, 393 F. Supp. 2d 1341, 1348 (N.D. Ga. 2005) (holding pro se litigant to the procedural requirements of submitting a separate statement of material facts).  In his Response, Plaintiff failed to explain or provide a statement of facts.  Instead, Plaintiff's attached two exhibits to his Response to Defendants' Motion to Strike, which purportedly support his Motion for Summary Judgment.

Accordingly, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Strike. Doc. 44.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Strike, doc. 44, and **DIRECT** the Clerk of Court to **STRIKE** Plaintiff's Motion for Summary Judgment, doc. 32.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED AND RECOMMENDED**, this 11th day of June, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA