IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| AARON JEWAN ROBINSON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-53 |
| v. | |
| JAVAKA JOHNSON; and CO HUGGINS, | |
| Defendants. | |

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' unopposed Motion for Partial Summary Judgment, filed March 16, 2021. Docs. 35, 56. The Clerk of Court mailed a Notice to Plaintiff advising him Defendants filed a Motion for Summary Judgment and that a response must be filed by April 6, 2021. Doc. 37. The Court's Notice further advised Plaintiff:

1. If you do not timely respond to this motion . . ., the consequence may be the Court will deem the motion unopposed, and the Court may enter judgment against you;

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence; and

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Id. This Notice was not returned to the Clerk of Court as undeliverable to Plaintiff. Further, Plaintiff moved twice for an extension of time to respond, which the Court granted in part, giving Plaintiff until April 27, 2021, to respond. Docs 39, 43. The Order granting Plaintiff an extension reminded Plaintiff of his obligation to respond to Defendants' Motion for Summary Judgment, as

did the Order denying Plaintiff's request for an extension. Docs 39, 43. In sum, Plaintiff has requested and received an extension of time to respond, but Plaintiff still has not filed a response, and the time to do so has expired.

However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).

The time for Plaintiff to file a response has elapsed, and Defendants' Motion is now ripe for adjudication. I **RECOMMEND** the Court **GRANT** Defendants' unopposed Motion for Partial Summary Judgment and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Plaintiff also filed a Motion to Withdraw Argument for Compensatory Damages. Doc. 67. Because I have recommended the Court grant Defendants' unopposed motion for partial summary judgment on the issue of compensatory damages, I **DENY as moot** Plaintiff's Motion to Withdraw Argument for Compensatory Damages.[1]

## PROCEDURAL HISTORY

Plaintiff filed a Complaint, asserting claims under 42 U.S.C. § 1983, on June 10, 2019. Doc. 1. After conducting frivolity review, the Court dismissed Plaintiff's claims against

---

[1] Plaintiff seeks to withdraw his argument for compensatory damages and states Defendants agreed he is entitled to punitive damages. Doc. 67 at 1. However, Defendants state they never agreed to pay Plaintiff punitive damages in exchange for Plaintiff dismissing his claim for compensatory damages. Doc. 69 at 1–2. Because of the ambiguity on whether Plaintiff and Defendants agreed to settle Plaintiff's claim for punitive damages in exchange for dismissing his claim to compensatory damages and Defendants' entitlement to summary judgment on the issue of compensatory damages, I decline to address Plaintiff's Motion to Withdraw Argument for Compensatory Damages.

Defendant Warden James Deal.  Doc. 33.  However, Plaintiff was permitted to proceed on his excessive force claim against Defendant Huggins and a deliberate indifference to a serious medical need claim against Defendant Johnson.  Defendants Johnson and Huggins now move for partial summary judgment as to Plaintiff's claims.  Doc. 35.

Defendants filed their Motion for Partial Summary Judgment, arguing Plaintiff cannot recover compensatory or punitive damages under the Prison Litigation Reform Act ("PLRA").  Specifically, Defendants argue Plaintiff is barred from recovering compensatory or punitive damages because the undisputed material facts show Plaintiff did not suffer more than a de minimis physical injury.  Doc. 35-1 at 8.  However, on April 9, 2021, after Defendants' Motion was filed, the Eleventh Circuit Court of Appeals issued its decision in Hoever v. Marks, 993 F.3d 1351 (11th Cir. 2021), overturning previous Circuit precedent and holding the PLRA permits claims for punitive damages without a showing of physical injury.  In light of that holding, Defendants withdrew their argument Plaintiff is not entitled to recover punitive damages absent a showing of physical injury.  Doc. 56.  However, Defendants maintain Plaintiff is still not entitled to recover compensatory damages in this case.  Id. at 3.

## BACKGROUND

Plaintiff's pending claims include a claim of excessive force against Defendant Huggins and a deliberate indifference to a serious medical need claim against Defendant Johnson, based on Defendant Johnson observing Defendant Huggins purported excessive force but taking no action.  Defendants have filed the instant Motion, seeking partial summary judgment on the grounds the injuries Plaintiff suffered are de minimis, and, therefore, Plaintiff cannot recover compensatory damages.  For the purposes of resolving Defendants' Motion, the only relevant facts concern the extent of Plaintiff's injuries.

Plaintiff, who was incarcerated at Georgia State Prison ("GSP") at the time, alleges on April 25, 2019, Defendant Huggins intentionally smashed his hand and wrist in the tray flap of his cell door, resulting in injuries to his finger and wrist. Doc. 5 at 4. Defendant Johnson witnessed these events and saw Plaintiff was injured but "did nothing about it." Id. at 7. Further, Plaintiff states he received no treatment for his injuries until days later, when medical personnel at GSP wrapped Plaintiff's swollen wrist and provided him with ibuprofen. Id. As a result of Defendant Huggins slamming his hand and wrist in the tray flap, Plaintiff claims his index finger appears broken and he has lost circulation in his finger. Id. at 5.

Plaintiff submitted a "sick-call slip" at GSP and received non-emergency medical attention. Doc. 35-2 at 2. In his sick call slip, Plaintiff complained an officer slammed his right hand in the meal tray flap and stated his hand was swollen and painful and there was a lump on his right wrist. Id. On Monday, April 29, 2019, a GSP nurse received Plaintiff's sick-call slip and had him taken to the GSP medical department. Id. At that time, Plaintiff was seen by a GSP nurse. Id. Additionally, Ms. Cooper, another nurse at GSP, ordered an x-ray of Plaintiff's right wrist and hand and prescribed him 800 mg Motrin for pain. Id.

The next day, on April 30, 2019, x-rays were taken of Plaintiff's right wrist and hand, both of which came back normal, and the radiologist concluded there was no evidence of fracture to either his wrist or his hand. Id. at 2–3. Plaintiff was again seen on May 9, 2019, by GSP medical staff, who explained to Plaintiff his x-rays were normal and informed Plaintiff he could follow-up if he had any additional issues. Id. at 3. Ms. Cooper also reviewed Plaintiff's wrist and hand x-rays on May 9, 2019. Id.

Plaintiff submitted another sick-call slip and was seen by GSP medical staff on May 21, 2019. Id. at 3–4. In that request, Plaintiff asked for his medical records and the results of his x-

rays.  Id.  The nurse who saw Plaintiff on May 21, 2019, informed Plaintiff he had already been notified of his x-ray results on May 9, 2019.  Id.

Plaintiff was again seen in the GSP medical department on May 23, 2019, after submitting a sick-call slip requesting an additional x-ray of his right finger and complaining of pain and a "crooked finger."  Id. at 4.  The nurse who saw Plaintiff reviewed his previous x-ray reports of his right wrist and hand and noted they appeared normal.  Id.  Additionally, Ms. Cooper ordered a second x-ray of Plaintiff's right index finger.  Id.

The second x-ray of Plaintiff's right index finger was taken on June 4, 2019, and showed "a chronic healed fracture at the dorsal aspect of the base of the distal phalanx" but was otherwise normal, including being negative for an acute fracture or joint dislocation.  Id.  The radiologist's impression of the x-ray was Plaintiff's index finder showed a "[c]hronic healed facture at the base of the distal phalanx of the index finger."  Id. at 5.  Ms. Cooper reviewed Plaintiff's June 4, 2019 x-ray and discussed the results with Plaintiff on June 11, 2019.  Id. at 5.  Ms. Cooper noted the June 4, 2019 x-ray showed a chronic, healed fracture at the base of the DIP, dorsal aspect, of the right index finger.[2]  Id. at 5–6.  Based on these findings, GSP Medical Director Dr. Occhipinti and Ms. Cooper diagnosed Plaintiff with a right index finger bony mallet, meaning he had a right index finger mallet, which was the direct result of fracture to the DIP joint of his right index finger, and they ordered an orthopedic consult.[3]  Id. at 6.  On June

---

[2]   The Court takes notice "DIP"" refers to the distal interphalangeal joint, or the first knuckle from the top of the finger.

[3]   A mallet finger is a deformity of the finger which occurs when the tendon that straightens the finger is damaged at the fingertip.  Doc. 35-2 at 4.  A mallet finger is usually caused by a traumatic impaction blow (i.e., sudden forced flexion) to the tip of the finger in the extended position which forces the DIP joint into forced flexion.  A person with a mallet finger has a lack of active DIP extension, and, as a result, the tip of the mallet finger droops.  A bony mallet finger is a mallet finger that occurs as a result of a bony avulsion to the distal phalanx and x-rays of a bony mallet finger will show an injury to the distal phalanx.  Id.

5

27, 2019, Plaintiff saw an orthopedic physician who diagnosed him with a bony mallet right index finger at the DIP joint and discussed treatment options with Plaintiff.  Id.

If Plaintiff's right index finger boney mallet finger was caused by the incident on April 25, 2019 (the incident where Defendant Huggins allegedly slammed Plaintiff's hand in the tray flap), then the x-ray on April 30, 2019 would have shown a bony avulsion to his right index finger DIP joint.  Id.  However, the April 30, 2019 x-ray of Plaintiff's right hand was normal and did not show a fracture, swelling, or other deformity.  Id.  Further, Plaintiff's treatment notes for the relevant time period do not reflect he complained about or was treated for, a loss of circulation in his right index finger.  Id. at 7.

## DISCUSSION

### I. Defendants' Partial Motion for Summary Judgment

Defendants move for partial summary judgment on compensatory damages for Plaintiff's excessive force claim against them.[4]  Docs. 35, 56.

#### A. Standard of Review

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  However, there must exist a conflict in substantial evidence to pose a jury question."  Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).  "If the evidence [produced by the

---

[4]   Defendants have withdrawn their argument for summary judgment on punitive damages.  Doc. 56 at 3.

nonmoving party] is merely colorable or is not significantly probative summary judgment must be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 249 (1986) (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing the record lacks evidence to support the nonmoving party's case or the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). Once the party moving for summary judgment satisfies its initial burden, the burden shifts to the non-moving party to come forward with specific facts showing a genuine dispute for trial. Hinson v. Bias, 927 F.3d 1103, 1115 (11th Cir. 2019). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in the light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

### B.     Plaintiff Is Not Entitled to Compensatory Damages

Defendants argue 42 U.S.C. § 1997e(e) of the PLRA precludes Plaintiff from recovering compensatory damages because Plaintiff cannot show he suffered a more than de minimis physical injury. Doc. 35-1 at 6; Doc. 56 at 2–3.

Section 1997e(e) states: "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in

custody without a prior showing of physical injury." Under this statute and Eleventh Circuit case law, "an incarcerated plaintiff cannot recover either compensatory . . . damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury."[5] Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015); Williams v. Brown, 347 F. App'x 429, 436 (11th Cir. 2009) ("[C]ompensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated.") (emphasis omitted); Hoever v. Marks, 993 F.3d 1353, 1362 (11th Cir. 2021) (instructing district courts to dismiss a request for compensation in the absence of an alleged physical injury).

Thus, Plaintiff is barred from recovering compensatory damages on his claims in this action, unless he can show Defendants' actions caused him a more than de minimis physical injury. Here, the undisputed material facts show Plaintiff did not suffer anything more than a de minimis injury to his right wrist and hand as a result of Defendant Huggins allegedly slamming his hand in the flap trap or Defendant Johnson's purported deliberate indifference. Doc. 35-2 at 3; Doc. 35-4 at 3; Doc. 35-5 at 4–5. The evidence submitted demonstrates Plaintiff only experienced some swelling and discomfort in his wrist from the incident. Doc. 35-2 at 2–3. Additionally, the April 30, 2019 x-ray on Plaintiff's hand, including his right index finger, was normal. Doc. 35-2 at 2–3; Doc. 35-4 at 2–3; Doc. 35-5 at 3. This x-ray occurred five days after the alleged incident. Doc. 35-2 at 2–3. Further, there is nothing in the record indicating Plaintiff ever suffered from lack of circulation in his right index finger or hand.

---

[5] The Eleventh Circuit in Hoever, 993 F.3d at 1353, 1364, recently overturned prior precedent and held the PLRA does not bar punitive damages in the absence of physical injury. However, the Eleventh Circuit stated explicitly they were not considering whether a plaintiff could recover compensatory damages under the PLRA absent a showing of physical injury. Id. at n.4. Accordingly, Hoever has not changed Circuit precedent barring recovery for compensatory damages unless the plaintiff can demonstrate a physical injury.

8

While Plaintiff complained of having a "crooked finger" and was diagnosed on June 11, 2019, with having a bony mallet finger, the normal April 30, 2019 x-ray forecloses the possibility the alleged excessive force on April 25, 2019, caused this injury. Doc. 35-2 at 4, 6–7; Doc. 35-4 at 6; Doc. 35-5 at 3, 7–10. Put differently, the undisputed material facts provide no indication Plaintiff's bony mallet finger was caused by Defendant Huggins allegedly slamming his hand in the food tray flap or Defendant Johnson's deliberate indifference. Thus, on the record before the Court, there is no evidence of Plaintiff suffering anything more than a de minimis physical injury as a result of Defendant Huggins alleged excessive force or Defendant Johnson's alleged deliberate indifference on April 25, 2019.

Accordingly, Defendants are entitled to summary judgment on any claims by Plaintiff for compensatory damages. Thus, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Partial Summary Judgment.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues now. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims and Defendants' Motion for Summary Judgment, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

Because Plaintiff has not presented a genuine issue of material fact, I **RECOMMEND** the Court **GRANT** Defendants' unopposed Motion for Partial Summary Judgment and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  Doc. 56.  Further, I **DENY as moot** Plaintiff's Motion to Withdraw Argument for Compensatory Damages.  Doc. 67.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal

conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 1st day of November, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA